UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARLON TAYLOR,

                      Petitioner,

          -against-

ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility,

                    Respondent.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

05 Civ. 8280 (KMK) (GAY)

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Petitioner Marlon Taylor ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 29 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. PROCEDURAL HISTORY**

On September 6, 2001, a Westchester County jury convicted petitioner of one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and one count of criminal facilitation in the fourth degree.[1] He was subsequently sentenced, as a violent felony offender, to a determinate term of imprisonment of fifteen years on the second degree criminal

---

[1] Petitioner was acquitted of the crimes of murder in the second degree, manslaughter in the first degree, criminal use of a firearm in the first degree, criminal facilitation in the second degree, and the submitted lesser included crime of manslaughter in the second degree.

possession of a weapon count. The court further imposed the following concurrent terms of imprisonment for the lesser offenses: seven years for criminal possession of a weapon in the third degree (a violent felony offense), three and a half to seven years criminal possession of a weapon in the third degree (a non-violent felony offense) and one year criminal facilitation in the fourth degree. Petitioner is presently incarcerated at the Eastern Correctional Facility in Napanoch, New York.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, based on four claims: (1) the trial court's evidentiary rulings were clearly erroneous because (a) the identification procedure was impermissibly suggestive and (b) the statements made by petitioner while in custody should have been suppressed and cannot form the basis for the probable cause arrest; (2) the testimony of accomplice Thomas Greene was not sufficiently corroborated; (3) the trial court abused its discretion when it sentenced petitioner to the excessive maximum sentence of fifteen years; and (4) the trial court erred when it admitted into evidence petitioner's statement and police memoranda but refused to admit the original co-defendant's guilty plea and admissions regarding possession of the murder weapon. See Exh. A, at 14-27.[2] The Second Department, by Decision and Order dated March 15, 2004, affirmed the judgment of conviction. See People v. Taylor, 5 A.D.3d 614, 772 N.Y.S.2d 852 (2d Dep't 2004). The New York Court of Appeals denied petitioner leave to appeal on June 8, 2004. See People v. Taylor, 3 N.Y.3d 648, 816 N.E.2d 210, 782 N.Y.S.2d 420 (2004).

---

[2] Unless otherwise noted, exhibits are attached to respondent's Memorandum of Law.

Petitioner timely filed the instant Petition for a Writ of Habeas Corpus on or about September 14, 2005. Petitioner therein asserts three grounds for habeas relief: (1) petitioner was deprived of due process and a fair trial because the trial court erroneously admitted into evidence petitioner's statement and police memoranda but refused to admit the original co-defendant's guilty plea and admissions regarding possession of the murder weapon; (2) petitioner was deprived of his Fifth Amendment rights because the trial court refused to suppress statements obtained in violation of Miranda[3]; and (3) absent the uncorroborated testimony of accomplice Thomas Greene, there was insufficient evidence to convict petitioner of criminal possession of a weapon.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. EXHAUSTION AND PROCEDURAL BAR

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest state court. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). More specifically, "[t]he exhaustion requirement may be satisfied by raising the federal claim on direct appeal to the state's highest court or by collateral attack of the conviction and subsequent appeal of the denial of that application to the state's highest court." Harris v. Hollins, No. 95 Civ. 4376, 1997 WL 5909, at *2 (S.D.N.Y. Jan. 7, 1997). Further, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and legal

premises of the claim he asserts in federal court." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). This requires the petitioner to have set forth in state court "all of the essential factual allegations asserted in his federal petition," coupled with "essentially the same legal doctrine he asserts in his federal petition." Id. at 191-92. To this end, the Second Circuit has delineated a number of ways in which a petitioner may fairly apprise the state court of the constitutional nature of his claim, including: a) reliance on pertinent federal cases employing constitutional analysis, b) reliance on state cases employing constitutional analysis in like fact situations, c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. See id. at 192, 194.

Upon examination of the record, I conclude, and respectfully recommend, that petitioner's first claim (deprivation of due process and a fair trial) and second claim (violation of Fifth Amendment) are not exhausted because they were not presented to the New York Court of Appeals. Petitioner's leave application raised only two claims for which he sought review: accomplice Thomas Greene's testimony was uncorroborated and petitioner's sentence was excessive. See Exh. D, at 2-3. Although the leave application stated that the appellate briefs were annexed, see id. at 2, "arguing [two claims] in his letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction. . . . Counsel may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave." See

Jordan v. LeFevre, 206 F.3d 196, 198-99 (2d Cir. 2000). See also N.Y. Court Rules § 500.10(a) (requiring counsel to enclose appellate briefs in *all* applications for leave to appeal and to "identify the issues on which the application is based").

Nevertheless, petitioner's first and second habeas claims are deemed exhausted because petitioner no longer has remedies available in the state courts. See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). Specifically, New York procedural rules clearly bar petitioner from raising these claims before the New York Court of Appeals. Petitioner cannot again seek leave to appeal his first and second claims in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.10(a). Further, collateral review of these claims is also barred because the claims could have been raised on direct appeal and were not. See N.Y. Crim. Proc. Law § 440.10(2)(c).

Although petitioner's first and second claims are deemed exhausted, petitioner's forfeiture in state court "bars him from litigating the merits of [these assertions] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." Grey, 933 F.2d at 121. Alternatively, petitioner's first and second claims–while otherwise procedurally barred–may receive federal habeas review if petitioner shows that the failure to consider the arguments will result in a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Here, however, petitioner made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of petitioner's first and second claims would result in a fundamental miscarriage of justice.

Accordingly, I respectfully recommend that petitioner's first and second claims are procedurally barred from consideration by this Court and must be dismissed.

## IV. INSUFFICIENT CORROBORATIVE EVIDENCE CLAIM

On March 19, 2001, accomplice Thomas Greene pled guilty to first degree manslaughter for the shooting of Abdrice Holcomb. See Affirmation in Opposition to Petition for a Writ of Habeas Corpus, at 2, 4. Greene testified at petitioner's trial that, shortly before the shooting, petitioner gave Greene the gun he used to shoot Holcomb, instructed Greene to "blam that nigger" and pointed out Holcomb to Greene (1457-87).[4] At trial, the People conceded that Greene was an accomplice as a matter of law (1479). Accordingly, the jury was instructed as to the requisite corroboration for accomplice testimony (1992-94).

In his third claim for habeas relief, petitioner asserts that the evidence was insufficient to support his conviction because it was based upon the uncorroborated testimony of accomplice Thomas Greene. Specifically, petitioner contends that his conviction was obtained in violation of New York Criminal Procedure Law ("CPL") § 60.22. See petitioner's Memorandum of Law, at 20. Although CPL § 60.22 "provides that a defendant may not be convicted of any offense upon the uncorroborated testimony of an accomplice, this is a state law and not a Constitutional requirement, and may not be raised in a Federal habeas petition." See Dawson v. Donnelly, 111 F. Supp.2d 239, 251 (W.D.N.Y. 2000). It is well-settled under federal law "that a defendant

---

[4] Numbers in parentheses refer to pages from the trial transcript.

may be convicted upon the uncorroborated testimony of an accomplice." See United States v. Gordon, 433 F.2d 313, 314 (1970). More specifically, "[u]nder federal law, uncorroborated accomplice testimony goes to the weight, rather than the sufficiency of the evidence, and 'a defendant bears a heavy burden' in challenging a verdict on this basis." See Crespo v. Fischer, No. 06 Civ. 2577, 2006 WL 3486805, at *5 (S.D.N.Y. Nov. 27, 2006) (quoting United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003). "It is well-settled that a weight of the evidence claim is not cognizable on federal habeas review." Gutierrez v. Ricks, No. 02 Civ. 3780, 2002 WL 31360417, at *6 (S.D.N.Y. Oct. 21, 2002) (citing cases). In any event, as the Appellate Division noted, Greene's testimony was corroborated by non-accomplice witnesses who testified that petitioner had a motive to have the victim shot, that he provided Greene with a disguise and a gun shortly before the shooting and that petitioner was near the scene of the shooting. In sum, petitioner's third claim fails to establish that his conviction was obtained in violation of his federal rights. Accordingly, I respectfully recommend that petitioner's third claim must be dismissed.

## V. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VI. NOTICE

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from the receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: July 15, 2008　　　　　　　　Respectfully Submitted,
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　GEORGE A. YANTHIS, U.S.M.J.