USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON TAYLOR,

          Petitioner,

-v-

ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility

          Respondent.

Case No. 05-CV-8280 (KMK)(GAY)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

    Marlon Taylor ("Petitioner"), proceeding pro se, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for one count of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(2)), two counts of criminal possession of a weapon in the third degree (N.Y. Penal Law §§ 265.02(1), (4)), and one count of criminal facilitation in the fourth degree (N.Y. Penal Law § 115.00). The procedural backgound of this case is fully set forth in the July 15, 2008 Report and Recommendation ("R&R") issued by Magistrate Judge George A. Yanthis, and the Court assumes the Parties' familiarity therewith. The case was referred to Magistrate Judge Yanthis for review pursuant to 28 U.S.C. § 636(b).[1] Magistrate Judge Yanthis reviewed the matter and issued a thorough R&R, concluding that this Court should deny the Petition in all respects. Petitioner was advised of his right to file objections to the R&R, but he filed no objections.

    A district court reviewing a report and recommendation "'may accept, reject, or modify,

---

[1] The case was referred to Magistrate Judge Yanthis by Judge Colleen McMahon, to whom this case initially was assigned. The case was reassigned to this Court on August 6, 2007.

in whole or in part, the findings or recommendations made by the magistrate judge.'" 28 U.S.C. § 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-836, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. Because the Petitioner is pro se, the Court construes his pleadings liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). The Court finds no clear error in the R&R, and therefore adopts Magistrate Judge Yanthis's R&R in its entirety.

The Court agrees with the procedural grounds upon which Magistrate Judge Yanthis dismissed the first and second grounds for which Petitioner asserted habeas relief. The Petitioner's leave application to the New York Court of Appeals raised only two claims for

which he sought review: (1) that accomplice Thomas Greene's testimony was uncorroborated and (2) that Petitioner's sentence was excessive. While the leave application stated that the Petitioner's briefs were annexed, the Second Circuit has stated that arguing certain claims in the leave application "while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction." *Jordan v. LeFevre*, 206 F.3d 196, 198-99 (2d Cir. 2000); *see also Galmedez v. Keane*, 394 F.3d 68, 74-76 (2d Cir. 2005) (citing *Jordan* with approval but noting that if leave application had pressed no individual claims and *only* referenced the briefs, the "fair import" of this would be that review was requested and the issues in the brief would be fairly presented); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (holding that Court of Appeals application that mentioned only one point meant that other two points in attached brief were not exhausted). Accordingly, Magistrate Judge Yanthis correctly found that Petitioner's first claim (deprivation of due process and a fair trial) and second claim (violation of his Fifth Amendment rights) were not exhausted because they were not fairly presented to the Court of Appeals. Further, the Court concurs with Magistrate Judge Yanthis that Petitioner has neither shown cause nor prejudice for the procedural default, nor is there any evidence that would satisfy the fundamental miscarriage of justice exception.

The Court also adopts Magistrate Judge Yanthis's recommendation regarding Petitioner's third claim for habeas relief, asserting that the evidence was insufficient to support his conviction because it was based upon the uncorroborated testimony of an accomplice. The Court agrees that Petitioner's third claim fails to establish that his conviction was obtained in violation of his federal rights because corroboration goes to the weight and not sufficiency of evidence

3

under federal law, and further agrees that, in any event, the accomplice testimony was corroborated by non-accomplice witnesses. *See Crespo v. Fischer*, No. 06-CV-2577, 2006 WL 3486805, at *5 (S.D.N.Y. Nov. 27, 2006) ("Under federal law, uncorroborated testimony goes to the weight, rather than the sufficiency of the evidence, and 'a defendant bears a heavy burden' in challenging a verdict on this basis." (quoting *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003))); *Diaz v. Herbert*, 317 F. Supp. 2d 462, 476 (S.D.N.Y. 2004) (noting that because uncorroborated accomplice testimony only goes to the weight of the evidence, the petitioner's claims did not "arise under the Constitution, laws, or treaties of the United States to warrant habeas relief").

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated July 15, 2008, is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DENIED. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Respondent and close this case.

SO ORDERED.

Dated: October 24, 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4

Service List

Marlon Taylor
01-A-5083
Eastern Correctional Facility
P.O. Box 338
Napanoch, N.Y. 12458-0338
*Pro Se Petitioner*

Shara Abraham
Joseph M. Latino
Anthony J. Servino
The Westchester County DA's Office
Westchester County Courthouse
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, N.Y. 10601
*Attorneys for Defendant*